# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# LUBBOCK DIVISION

| | |
|---|---|
| JOSEPHINE WASHINGTON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 5:17-cv-00309 |
| SPEEDY CASH HOLDINGS CORP d/b/a SPEEDY CASH, | JURY DEMAND |
| Defendant. | |

## COMPLAINT

NOW comes JOSEPHINE WASHINGTON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of SPEEDY CASH HOLDINGS CORP d/b/a SPEEDY CASH ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a 69 year-old natural person residing at 924 East Emory Street, Unit 4101, Lubbock, Texas, which is located within the Western District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant offers payday loan services and is engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone, from consumers across the country, including consumers in the state of Texas. Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 3527 North Ridge Road, Wichita, Kansas.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In the fall of 2017, Plaintiff began receiving calls to her cellular phone, (806) XXX-4713, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 4713. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant mainly uses the phone number (800) 856-2911 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

12. Upon information and belief, the above-referenced phone number ending in 2911 is regularly utilized by Defendant during its debt collection activity.

13. During answered calls from Defendant, Plaintiff experiences a noticeable pause, lasting a handful of seconds in length, and has to repeatedly say "hello" before a live representative begins to speak.

14. Upon speaking with Defendant, Plaintiff was informed Defendant was seeking to collect upon an outstanding payday loan allegedly owed by Plaintiff's daughter, Rhonda Washington.

15. Plaintiff informed Defendant that this was not her daughter's cellular phone number, and demanded that it stop contacting her.

16. In one instance, Defendant's representative notified Plaintiff that her phone number would be removed from Defendant's system.

17. Despite Plaintiff's demands and Defendant's assurances, Defendant continued to relentlessly place phone calls to Plaintiff's cellular phone up until the date of the filing of this action.

18. Defendant has placed multiple calls to Plaintiff's cellular phone on the same day, even after Plaintiff demanded that the calls stop.

19. Plaintiff has received not less than 18 phone calls from Defendant since asking it to stop contacting her.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

...

21. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $48.00 to purchase and maintain an application subscription on her cellular phone to quell Defendant's contacts, resulting in pecuniary loss.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

<u>COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</u>

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

26. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. During answered calls from Defendant, Plaintiff experienced a noticeable pause lasting a handful of seconds in length, and had to repeatedly say "hello" prior to being connected with a live representative, which is instructive that an ATDS was being utilized to generate the calls. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

27. Defendant violated the TCPA by placing at least 18 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff does not have any business relationship with Defendant nor has she ever given it permission to call her cellular phone. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by her demands that it cease contacting her.

28. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, JOSEPHINE WASHINGTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

32. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

33. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

34. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

35. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone in an attempt to reach Plaintiff's daughter. After Plaintiff apprised Defendant of the fact that this was not her daughter's cellular phone, as well as Plaintiff's demands that Defendant stop contacting her, Defendant still placed at least 18 calls to Plaintiff's cellular phone. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment upon a debt for which she had no obligation. The nature and volume of phone calls would naturally cause an individual to feel oppressed, including the placing of multiple calls on the same day.

36. Upon being told to stop calling several times, Defendant had ample reasons to be aware that it should not continue its harassing campaign of collection calls to Plaintiff. Yet, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

WHEREFORE, Plaintiff, JOSEPHINE WASHINGTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.  Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 27, 2017                                Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                    s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                        Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                   Counsel for Plaintiff
Admitted in the Northern District of Texas              Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                                Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                     2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                 Lombard, Illinois 60148
(630) 568-3056 (phone)                                  (630) 581-5858 (phone)
(630) 575-8188 (fax)                                    (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                thatz@sulaimanlaw.com